

**SIGNED this 19 day of June, 2006.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| LINDA BERTRAM ZEMAN | 05-58105-C |
| *DEBTOR* | CHAPTER 7 |
| CAPITAL ONE BANK | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5028-C |
| LINDA BERTRAM ZEMAN | |
| *DEFENDANT* | |

### DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

The Defendant in this case moves for partial summary judgment with regard to one count in the Plaintiff's complaint. Plaintiff has objected to the debtor's discharging the plaintiff's credit card debt, on grounds that the debtor obtained the debt through false pretenses, a false representation or actual fraud. *See* 11 U.S.C. § 523(a)(2). Plaintiff also claims that some of the debt is presumptively not dischargeable, because it was for the purchase of luxury goods or services. *See*

11 U.S.C. § 523(a)(2)(C).  Defendant seeks summary judgment with regard to this latter count, stating that the court can take judicial notice that the merchants and service providers in the exhibit attached to the plaintiff's complaint do not *per se* sell luxury goods and services, as plaintiff's complaint contends.[1]  In addition, defendant submits an affidavit of the debtor averring that she is familiar with all the charges listed on the Exhibit to the plaintiff's complaint, and that none of the goods or services in question were luxury goods or services.

The plaintiff filed a response, denominated an "opposition," but offered no controverting affidavits, exhibits, discovery answers or other materials.  Instead, plaintiff maintains that the specific business of the merchants in question "is an issue of fact," and complains that the defendant has not provided any evidence to illustrate either the categories of goods or services sold by these merchants, or the goods and services actually acquired by the defendant.  The plaintiff adds that the defendant's "conclusive [sic] statement may not be a correct representation of fact or law and must be explored further."[2]

---

[1] The plaintiff, in its complaint, says that "Debtor's transactions included charges at *high-end luxury* retailers, restaurants, and suppliers including, but not limited to: La Fogata Restaurant, USPS, Heb [sic] Grocery, Target, ExxonMobil, Consultants Pain Med, Neuromuscular, HEB Gas Station, Petsmart, Walgreens, Calico Corners, Foleys, Alamo Barber & Beauty Salon, North Park Lincoln [sic], Hertz Rent-A-Car, Whataburger, and Regal Cinemas.  Upon information and belief, the Defendant purchased luxury goods and services, as most of these retailers/wholesalers *only sell such goods and provide such services*."  Complaint [Doc. #1], at paragraphs 8-9.

The court happily takes judicial notice that La Fogata is a Mexican restaurant that is a converted Dairy Queen, that the USPS is the U.S. Postal Service (selling stamps and delivering letters for 39 cents an ounce), that HEB Grocery is a large grocery chain in Texas, comparable to Krogers and Albertsons, that Target is the main competition for Wal-Mart, that Exxon is a major gasoline retailer with gas stations selling gasoline at competitive prices, that Consultants Pain Med is an entity that sells pain therapy for people in pain, that PetsMart is a chain that sells pet food and supplies to middle America, that Walgreens is a drug store selling pharmacy products and the like to middle America, that Calico Corners is a local store selling bedding supplies, that Alamo Barber Shop & Beauty Salon is a barber shop and beauty salon, that North Park Lincoln is actually a Lincoln-Mercury dealership (selling more Mercuries than Lincolns), that Hertz Rent-A-Car rents Ford Motor products and other fine cars, that Whataburger is a fast food outlet similar to McDonald's, and that Regal Cinemas is a movie chain where one can go to watch a movie for under $10.

The court can only shake its head in bemusement at plaintiff's suggestion that these merchants would be described as "high end luxury retailers" that "only sell such goods and provide such services" (*i.e.*, luxury goods and services).

[2] Plaintiff adds that "without engaging in a proper amount of discovery and presenting such evidence before a trier of fact, this matter will not be fairly and adequately adjudicated."  This statement was made in a pleading dated June 6, 2006.  The discovery deadline in this adversary proceeding was May 8, 2006.  Apparently discovery was propounded, as the

**Analysis**

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Boze v. Branstetter,* 912 F.2d 801, 804 (5th Cir. 1990). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Smith v. Brenoettsy,* 158 F.3d 908, 911 (5th Cir. 1998). The facts are to be reviewed with all "justifiable inferences" drawn in favor of the party opposing the motion. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy--that is, when both parties have submitted evidence of contradictory facts." *Laughlin v. Olszewski,* 102 F.3d 190, 193 (5th Cir. 1996).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. The movant meets this initial burden by showing that the "evidence in the record would not permit the non-movant to carry its burden of proof at trial." *Smith*, 158 F.3d at 911. The burden then shifts to the non-movant to demonstrate that summary judgment is inappropriate. *See Morris,* 144 F.3d at 380.

A non-movant may successfully oppose summary judgment by producing "significant probative evidence" that there is an issue of material fact so as to warrant a trial. *See Texas*

---

defendant obtained a short extension of time to respond. It is, of course, too late for plaintiff to be talking about "engaging in a proper amount of discovery" when discovery was already pursued, and the deadline for further discovery has now run.

*Manufactured Hous. Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996); *Taylor v. Principal Financial Group, Inc.,* 93 F.3d 155, 161 (5th Cir. 1996); *Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718-19 (5th Cir. 1995); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994). The evidence produced by the non-movant must be "sufficient to support a jury verdict." *Morris,* 144 F.3d at 380; *Doe v. Dallas Indep. School Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). This burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *E.g., Morris,* 144 F.3d at 380. Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Id.* Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* Dispute about a material fact is genuine only if evidence is such that reasonable a jury could return a verdict for non-moving party. *Stafford v. True Temper Sports,* 123 F.3d 291, 294 (5th Cir. 1997); *Hanks v. Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir. 1992).

In the absence of any proof, a court will not assume that the non-movant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.), *revised on other grounds upon denial of reh'g,* 70 F.3d 26 (5th Cir. 1995); *Little,* 37 F.3d at 1075. Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Little,* 37 F.3d at 1075.

In this case, the plaintiff has the burden of proof to establish nondischargeability. *See Grogan v. Garner*, 498 U.S. 279, 283(1991). Section 523(a)(2)(C) does not alter that burden of proof, though it *does* permit a presumption of non-dischargeability to arise with respect to a debt,

-4-

on section 523(a)(2) grounds, *only if* the plaintiff establishes (by a preponderance of evidence) five base facts: (1) the debt in question is a consumer debt; (2) the debt in question is owed to a single creditor; (3) the debt aggregates more than $1,225; (4) the debt in question was incurred within 60 days of the date of the filing of the bankruptcy case; and (5) the debt is for luxury goods or services. *See* 11 U.S.C. § 523(a)(2)(C); *see also In re Manning*, 280 B.R. 171, 179 (Bankr. S.D.Ohio 2002) (creditor has the burden of proof that the presumption arises); *In re Vernon*, 192 B.R. 165, 170 (Bankr. N.D.Ill. 1996) (plaintiff has the burden of proof of facts in order to raise the presumption); *In re Tondreau*, 117 B.R. 397, 400 (Bankr. N.D.Ind. 1989).

If any one of the base facts is not established, then the presumption will not arise. A presumption is not itself evidence. Instead, it is "an assumption of fact that the law requires to be made from *another fact* or *group of facts* established in an action." B. RUSSELL, BANKR. EVID. MAN., § 301.0, at p. 630 (West 2005 ed.) (emphasis added); *see also* FED.R.EVID. 301, Advisory Committee Notes, 1974 Enactment (West pamphl. ed. 2006) (setting out the explanation in the House Conference Report rejecting an earlier version that would have treated a presumption as evidence).[3] For the presumption to arise, the party in whose favor it is intended to operate must first prove all of the base facts. Without one of those essential base facts, the presumption never arises. In an action brought under section 523(a)(2)(C), if a base fact is missing, then so also is the cause

---

[3]    Under the Senate amendment, a presumption is sufficient to get a party past an adverse party's motion to dismiss at the end of his case-in-chief. If the adverse party offers no evidence contradicting the presumed facts, the court will instruct the jury that if it finds the basic facts, it may presume the existence of the presumed fact. If the adverse party does offer evidence contradicting the presumed fact, the court cannot instruct the jury that it may *presume* the existence of the presumed fact from proof of the basic facts. The court may, however, instruct the jury that it may infer the existence of the presumed fact from proof of the basic facts.

*Id.* (quoted from the House Conference Report, No. 93-1597).

of action under that subsection, because subsection (C)'s only function is to afford the creditor the presumption. Failing the presumption, the creditor will be forced to make out a garden-variety non-dischargeability action under section 523(a)(2).[4]

In this case, the defendant movant has challenged one of the base facts (whether the purchases in question were luxury goods or services). Without one of the base facts, the movant correctly contends that the presumption of non-dischargeability under section 523(a)(2)(C) will not arise, entitling the defendant to partial summary judgment on that count. The movant defendant has offered an affidavit in support of that contention, though she could have moved solely on the basis that no evidence has emerged from discovery. *See* 10A C.A. WRIGHT, A. MILLER, & M.K. KANE, FED. PRACT. & PROC. CIVIL 3RD, § 2727, at pp. 472-474 (West 1998). At that point, it became incumbent on the plaintiff, the party with the burden of proof on this base issue, to come forward with *some* evidence to raise a material issue of fact, or risk having judgment entered against it. *Id.*, at 474;[5] *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

---

[4] If subsection (C) does not apply, then plaintiff's case rests on establishing non-dischargeability under § 523(a)(2). In an action involving credit card debt, the plaintiff must prove by a preponderance, *as to each card use*, that the debtor falsely represented her intent to repay the loan. *See In re Mercer*, 246 F.3d 391, 404 (5th Cir. 2001). Explained the court in *Mercer*, "[t]hrough *each card use*, [the debtor] represented her intent to pay. A question of fact ... is whether the representation was knowingly false. If so, intent to deceive is present." *Id.* (emphasis added). Further "[I]nability to pay, at card-use, *may* support finding the debtor did *not* intend to pay, but *only* if she was aware of her financial condition and knew she *could not* (and therefore did *not* intend to) make even the minimum monthly payment to the issuer. ... *all* of the facts and circumstances surrounding her card-use may be considered in determining [the debtor's] *subjective* intent." *Id.*, at 409 (emphasis in text). That burden, obviously, is fact-intensive and onerous.

[5] Explains WRIGHT & MILLER,

> ... [A] movant, by means of uncontroverted affidavits or by using any of the other materials specified in Rule 56(c), may completely explore and establish the facts, thereby demonstrating the absence of any genuine issue of fact and securing the entry of summary judgment. If no evidence could be mustered to sustain the nonmoving party's position, a trial would be useless and the movant is entitled to a judgment as a matter of law. ...

> Situations in which credibility is unimportant because the adversary cannot prevail occasionally result from the interplay between the burden of proof on the summary judgment and the burden of persuasion at trial....

-6-

The plaintiff respondent, in response to this motion, offered none of the evidence that it would have to have in hand by now in order to go forward at trial to sustain its burden of proof on the base fact "luxury goods or services." The defendant, it will be recalled, does *not* have the burden of *disproving* that the purchases in question were luxuries. It is the plaintiff who has the burden of *proving* this base element. All that plaintiff has offered here is the rather outrageous suggestion that, somehow, the burden of proof is, by mere allegation, now on the defendant. Plaintiff makes the equally outrageous suggestion that some evidence will be developed in discovery – even though the discovery deadline has already passed in this case, and even though the plaintiff has *already* pursued discovery, evidently without turning up anything. Plaintiff thankfully did not ask the court to take judicial notice that the merchants in question sold only "high end luxury goods or services," as it alleged in its complaint. The court would not do so in any event.[6]

The defendant has put the plaintiff to its proof, as was her right, and the plaintiff has flunked the test. There is no material issue of fact established with regard to the question of luxury goods or services, and summary judgment will therefore be entered in favor of the defendant on this issue.

Dischargeability litigation is an expensive proposition for debtors, especially when the amount in controversy is (relatively) small. Creditors know this, and can bring actions such as this at relatively low cost, hoping that a debtor will agree to a reaffirmation because that will cost less

---

> ... as established in *Celotex*, *it is not necessary for the movant to introduce any evidence in order to prevail on summary judgment*. Rather, at least *in cases in which the nonmoving party will bear the burden of proof at trial*, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, *thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him*.

*Id.* (emphasis added).

[6] If anything, the listing of merchants suggests quite the opposite. *See* note 1 *supra*. In any event, the non-movant's own pleadings are not admissible summary judgment evidence.

than litigating the matter – even if the matter is essentially meritless.  Pundits and wags have, for many years, excoriated personal injury lawyers who bring frivolous lawsuits against companies for the evident purpose of shaking down the insurance carriers.  Yet few have complained that lawyers representing credit card companies are engaged in precisely the same odious tactic in the bankruptcy arena, with these kinds of suits.  The manner in which this suit was brought and handled offers an excellent example of just why this litigation has all the earmarks of a shakedown.

The plaintiff, in response to this motion for partial summary judgment, was obligated to put on *something* to raise a material issue of fact, yet all the plaintiff offered was the simple assertion that evidence ought to be heard.  The pleading demonstrates that counsel for the plaintiff paid scant attention even to what he was pleading, much less any attention to whether the lawsuit had any basis in fact.  No Rule 2004 examination was ever conducted to see whether there might have been a factual basis for bringing this case, and what discovery the plaintiff pursued to see whether it could develop a case after the fact evidently turned up nothing.  When the plaintiff was forced by this motion to come forward with evidence to show the presence of an issue of fact – some evidence showing that luxury goods or services were furnished – the plaintiff had the temerity to suggest that it was for the *defendant* to prove that the goods or services in question were *not* luxury items, when the law is clearly to the contrary.

All of this, taken together, lends strong credence to the court's suspicion that this was never a real lawsuit in the first place – it was simply a shakedown.  If it was, then it was a lawsuit that never had a basis in law or fact in the first place – and that could bring the pleading within Rule 9011 territory.[7]

---

[7] As this is an interlocutory decision, and a cause of action remains, the court will reserve the sanctions issue until the matter is called for trial.

-8-

**Conclusion**

The motion for partial summary judgment is granted in favor of the defendant.  A form of judgment consistent with this decision will be furnished by the defendant.

# # #